IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMAL SIMPKINS,

    Plaintiff,

v.

JAMES VOTION and D&M
CARRIERS, LLC,

    Defendants.

CIVIL ACTION FILE

NO. 1:22-CV-1155-MHC

## ORDER

On April 1, 2022, this Court ordered Defendants to show cause within fourteen (14) days of the date of the Order why the case should not be remanded to the State Court of DeKalb County, given that it was not apparent from the face of the Complaint that the amount in controversy exceeded the jurisdictional minimum of $75,000.00. Apr. 1, 2022, Order [Doc. 6]. On April 4, 2022, Plaintiff filed a motion to remand, stating as follows: "based on the only demand for damages in the Plaintiff's initial pleading, their Complaint, the amount in controversy in this case is only $39,695.40 – which is significantly below the $75,000 jurisdictional threshold." Mot. to Remand [Doc. 7] at 3-4. Based upon Plaintiff's motion, Defendants now agree that "the amount in controversy in this case does not meet

the statutory requirements for diversity jurisdiction" and do not oppose remand. Defs.' Resp. to Show Cause Order [Doc. 12] at 4.

Consequently, because Plaintiff's Complaint on its face shows that he seeks an amount less than the jurisdictional minimum for the case to remain in this court and Defendants' proffer of pre-suit demand letters fails to meet the moving party's burden of demonstrating the required amount in controversy by a preponderance of the evidence, the Court **GRANTS** Plaintiff's Motion to Remand. However, Plaintiff "cannot have his cake and eat it too." This Court agrees with Judge O'Kelley's decision in Holmberg v. Applica Consumer Prods., No. 1:14-cv-00642-WCO, 2014 WL 12625946 (N.D. Ga. Aug. 12, 2014), that a plaintiff should not be able to take one position in opposing removal based on the amount in controversy and then take a different position when the case returns to state court:

> In circumstances such as those here, the court finds that in order to protect a defendant's right to remove a complaint in which the relief sought exceeds the jurisdictional amount in controversy, and to prevent the plaintiff from taking one position in an effort to defeat a defendant's statutory right of removal and then another position in an effort to maximize his recovery at trial, the preferred course of action is to grant Plaintiff's motion to remand but find the Plaintiff is judicially estopped from seeking damages greater than $75,000 in state court unless the state court judge determines that circumstances have changed. To do otherwise would be tantamount to permitting the perpetration of fraud upon this court.

Id. at *3.

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff's Motion to Remand [Doc. 7] is **GRANTED**. This case is **REMANDED** to the State Court of DeKalb County.[1]

It is further **ORDERED** that Plaintiff is judicially estopped from seeking damages greater than $75,000.00 in state court unless the state court judge determines that circumstances have changed since the date Plaintiff filed his Motion to Remand in this Court.

**IT IS SO ORDERED** this 18th day of April, 2022.

_____
MARK H. COHEN
United States District Judge

---

[1] Accordingly, the Motion to Withdraw [Doc. 11] filed by Plaintiff's counsel because "counsel is not admitted into the Northern District of Georgia" is **DENIED AS MOOT**.

3